```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    ASHEVILLE DIVISION
                     1:07CV304-MU-02
```

```
DUSTIN LEE CRUM,              )
     Plaintiff,                )
                               )
        v.                     )
                               )
TRANSYLVANIA COUNTY, by        )
  and through its County       )
  Commission and Sheriff;      )
TERRY WHITMIRE, Deputy         )
  Sheriff;                     )
DANIEL GALLOWAY, Deputy        )
  Sheriff; and                 )
DAVID JONES, Deputy She-       )
  riff and Jail Admini-        )
  strator,                     )
     Defendants.               )
_____)
```

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint brought under 42 U.S.C. §§ 1983, 1986, 1988, the Americans with Disabilities Act, and the Eighth and Fourteenth Amendments.

By his Complaint, Plaintiff alleges that during the period relevant to his Complaint, he was a pre-trial detainee at the Transylvania County Jail. Plaintiff further alleges that he is a leg amputee who was in the custody of the Jail pending the resolution of a charge or charges related to a "domestic violence-related assault." Although Petitioner was a detainee from February 18, 2004 through October 19, 2004, he reportedly was

released, pursuant to a Court Order, into the custody of his mother from July 10 up to September 10, 2004, so that he could receive treatment at a rehabilitation clinic for injuries which he sustained due to the "Defendants willful misconduct, cruel and unusual punishment and denial of medical care."

In the face of that background information, Plaintiff alleges that the Defendant County has a policy, practice, custom or procedure of subjecting prisoners in its care who are charged with domestic violence-related offenses to cruel and unusual punishment through overcrowded housing conditions, denial of physical exercise and denial of medical care.  Plaintiff alleges that despite the fact that the Defendant County receives funds from the federal government to properly care for its disabled detainees, it has no facilities in which to house and care for the medical needs of those disabled detainees.  Rather, Plaintiff alleges that the Defendant County has an agreement with Henderson County whereby Henderson houses Transylvania County's disabled detainees.  Nevertheless, Plaintiff reportedly spent only one day at the Henderson County Jail.  Further, Plaintiff alleges that while at the Transylvania County Jail, he was housed in a cell measuring approximately 6'X 9' with as many as four other detainees, some of whom occasionally were placed in the cell for disciplinary offences such as violent assaults upon other inmates.

Plaintiff also alleges that: Defendants Jones, Whitmire and Galloway subjected him to cruel and unusual punishment, disregarded his safety and were deliberately indifferent to his disability when they forced Plaintiff to occupy a top bunk of a bed, which bunk was five feet above the floor; that otherwise unidentified "Defendants" maliciously withheld or denied him the exercises which were prescribed for his privately employed physicians; that such "defendants" denied him all exercise, including the one hour per day which is mandated by law; that defendants Galloway and Whitmire threatened other detainees with retaliatory disciplinary actions if they attempted to assist him in any way; that Defendants Jones, Galloway and Whitmire willfully denied him "proper medical care and medical care prescribed by [his] privately obtained physicians"; and that defendants Jones, Galloway and Whitmire subjected him to mental abuse by ordering another deputy sheriff to "'shoot [plaintiff] in his good leg' if [he] 'attempt[ed] to run.'"

Based upon the foregoing, Plaintiff asks the Court to enjoin Defendant Transylvania County from engaging in the foregoing policies, practices and customs, from incarcerating persons with documented or obvious physical and mental disabilities until its Jail comes into compliance with the ADA, and stop distributing federal funds which were received for the purpose of housing persons with documented or obvious physical or mental disabilities

until its facilities come into compliance with the ADA.  Plaintiff also asks the Court to order that Defendants Jones, Galloway and Whitmire be declared disqualified from holding any public office which requires te taking of an oath.  Last, Plaintiff also asks the Court to award him in excess of $10,000 in compensatory damages and in excess of $10,000 in punitive damages.

While it is far from clear whether Plaintiff will be able to prevail with any of his allegations, he has alleged enough to survive this Court's initial frivolity review.  Accordingly, Defendants will be directed to answer Plaintiff's allegations.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The Clerk shall prepare and issue process in this matter, and shall deliver the same to the U.S. Marshal.

2.  The U.S. Marshal shall serve Defendants with process.

3.  Defendants shall respond to the plaintiff's allegations as set forth in his Complaint in accordance with the Federal Rules of Civil Procedure.

**SO ORDERED.**

Signed: August 25, 2008

Graham C. Mullen
United States District Judge