**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:07CV304-MU-02**

| | | |
|---|---|---|
| **DUSTIN LEE CRUM,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **O R D E R** |
| | ) | |
| **TRANSYLVANIA COUNTY, by and** | ) | |
| **through its County Commis-** | ) | |
| **sion and Sheriff;** | ) | |
| **TERRY WHITMIRE, Deputy Sheriff** | ) | |
| **at the Transylvania County** | ) | |
| **Jail;** | ) | |
| **DANIEL GALLOWAY, Deputy She-** | ) | |
| **riff at the Transylvania** | ) | |
| **County Jail; and** | ) | |
| **DAVID JONES, Deputy Sheriff** | ) | |
| **and Jail Administrator,** | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

      **THIS MATTER** comes before the Court on its own motion.

      According to the record, on September 11, 2007, Plaintiff

filed a Complaint under 42 U.S.C. § 1983, 1986 and 1998, under

the Americans with Disabilities Act, and under the Eighth and

Fourteenth Amendments claiming that the policy, practice, custom

or procedure of Defendant County was to subject certain detainees

to cruel and unusual punishment through overcrowded conditions,

denial of physical exercise and denial of medical care.  Further,

Plaintiff alleges that Defendant County has failed to provide

federally mandated accommodations for disabled detainees.

In addition, Plaintiff alleges that Defendants Jones, Whitmire and Galloway subjected him to cruel and unusual punishment, disregarded his safety, were deliberately indifferent to his medical disability and maliciously withheld or denied him proper exercise and accommodations, and subjected him to mental abuse by threatening him with harm. On August 26, 2008, the Court directed Defendants to file a response to Plaintiff's Complaint.

Accordingly, on September 15, 2008, Defendants filed a combined Answer denying the material allegations set forth in Plaintiff's Complaint. Such Answer also claims various defenses, including qualified immunity, failure to exhaust remedies and expiration of the statute of limitations. Accordingly, the Court now will advise the parties that either one of them may file a motion for summary judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure and as below directed.

**NOW, IT IS THEREFORE ORDERED THAT:**

1. Within forty (40) days of the entry of this Order, either party may file a motion for summary judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure.

2. In the event that a motion for summary judgment is made by a party <u>and</u> supported as provided in Rule 56, the opposing party may not rest upon the mere allegations or denials of such opposing party's pleading. Rather, the opposing party, <u>within</u>

2

forty (40) days of the filing of the motion for summary judgment, must file a response along with affidavits, setting forth specific facts showing that there is a genuine issue for trial.  As indicated by Rule 56(e)(2), a party's failure to respond to a properly supported motion for summary judgment may result in the granting of such r summary judgment motion.

   3.  In the event that a party elects <u>not</u> to file any such dispositive motion, within thirty (30) days of the entry of this Order, that party shall advise the Court in writing of his decision <u>not</u> to file the motion.

   **SO ORDERED.**

                              Signed: December 23, 2008

                              Graham C. Mullen
                              United States District Judge