```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   ASHEVILLE DIVISION
                    1:07CV304-MU-02
```

```
DUSTIN LEE CRUM,               )
     Plaintiff,                )
                               )
     v.                        )     O R D E R
                               )
TRANSYLVANIA COUNTY, by and    )
  through its County Commis-   )
  sion and Sheriff;            )
TERRY WHITMIRE, Deputy Sheriff )
  at the Transylvania County  )
  Jail;                        )
DANIEL GALLOWAY, Deputy She-   )
  riff at the Transylvania    )
  County Jail; and             )
DAVID JONES, Deputy Sheriff    )
  and Jail Administrator,      )
     Defendants.               )
_____)
```

**THIS MATTER** comes before the Court on Defendants' Motion For Summary Judgment, filed February 1, 2009 (document # 15).

According to the record, on September 11, 2007, Plaintiff filed a Complaint alleging several violations of his federal rights. On September 15, 2008, Defendants filed their combined Answer to Plaintiff's allegations (document # 7). Thereafter on December 23, 2008, the Court entered its standard scheduling Order, advising the parties of their rights to file dispositive motions (document # 14).

To that end, Defendants now have filed the instant Motion

for Summary Judgment asserting that they are entitled to a judgment as a matter of law (document # 15). Thus, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Petitioner, who is proceeding pro se, of the heavy burden that he carries in responding to Defendants' Motion.  Indeed, the Federal Rules of Civil Procedure provide:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2) (2008).  This language means that if Plaintiff has any evidence to offer to show that there is a genuine issue for trial, he must now present it to this Court in a form which would otherwise be admissible at trial, that is, in the form of affidavits or unsworn declarations.  An affidavit is a written statement sworn before a notary public, and "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(e)(1).  An unsworn statement, made and signed under the penalty of perjury, may also be submitted.

    Affidavits or unsworn statements must be presented by Plaintiff to this Court within thirty (30) days of the entry of this Order.

2

**NOW, IT IS THEREFORE ORDERED THAT** Plaintiff has thirty (30) days in which to respond to Defendants' Motion for Summary Judgment with affidavits or other sworn statements, setting forth specific facts showing that there is a genuine issue for trial.

**SO ORDERED.**

Signed: March 9, 2009

Graham C. Mullen
United States District Judge